UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ALFONSO TRUJILLO
PORRAS,

                                Case No. 2:26-cv-682-KCD-NPM

        Plaintiff,

   v.

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

        Defendants,

                             /

## <u>ORDER</u>

Petitioner Daniel Alfonso Trujillo Porras is a citizen of Colombia currently detained by U.S. Immigration and Customs Enforcement. He asks this Court to release him, arguing that his arrest was unlawful and carried out by people who lacked the authority to detain him. (Doc. 1.)[1] For the reasons below, Porras's *pro se* habeas corpus petition is **DENIED**.

The underlying facts are straightforward. Porras entered the United States in 2015 and overstayed a tourist visa. (Doc. 8 at 1-2.) In March, he was pulled over and taken into ICE custody. (Doc. 1 at 2.) He produced an employment authorization card but could not provide proof of lawful status. Porras is now being held at Alligator Alcatraz, where he filed the instant petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1 at 1.)

---

[1] Porras's pleadings are not paginated. So for ease of reference, the Court will cite to the page numbers generated by its electronic filing system.

There are several problems with the habeas petition that prevent relief. For starters, Porras presses claims that are not cognizable under § 2241. A writ of habeas corpus is the remedy for someone seeking release from unlawful confinement. It challenges the fact or duration of detention. *See, e.g.*, *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). It is not a catch-all bucket for complaints about police misconduct, past mistreatment, or the conditions of confinement. *See Houston v. Pearce*, No. 1:21-CV-0582-LMM-CMS, 2021 WL 11718540, at *1 (N.D. Ga. Feb. 18, 2021). Yet Porras largely focuses on his arrest. (Doc. 1 at 1.) These are classic civil rights claims—the kind usually brought under 42 U.S.C. § 1983.

In any event, this Court lacks jurisdiction to address Porras's arguments about the Government's decision to arrest and hold him. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

The only cognizable claim the Court can discern is under the Fifth Amendment, where Porras challenges the legality of his continued detention. (Doc. 1 at 3.) But Porras has been in custody for just over one month. That is far short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y*

*Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable"). Porras also already received a bond hearing before an immigration judge and was released on bond. (Doc. 8 at 1.) He has thus received process.

The record shows that Porras is present in the United States without admission, that he was served with notice, that the government has commenced removal proceedings, and that he was released on bond. His claims consist of broad, conclusory accusations that are both factually and legally disconnected from the remedy he seeks. Because Porras has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on April 14, 2026.

Kyle C. Dudek
United States District Judge

3